J-S44016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD ZOLLER, JR. | |
| Appellant | No. 1676 WDA 2014 |

Appeal from the PCRA Order Dated October 3, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0004839-1986

BEFORE: LAZARUS, J., STABILE, J., and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JUNE 3, 2016**

This case returns to this Court following a remand from our Supreme Court. On February 17, 2016, the Court granted the petition for allowance of appeal filed by Appellant, Donald Zoller, Jr., vacated our previous order affirming the dismissal of his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and remanded the case to us for further proceedings consistent with ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). Upon review, we reverse and remand.

Briefly, as a 14 year-old, Appellant was charged as an adult for three counts of criminal homicide for the stabbing deaths of his three neighbors. Appellant was convicted and sentenced to three concurrent mandatory sentences of life imprisonment without the possibility of parole. After

exhausting his direct appeal rights and filing two PCRA petitions, on July 31, 2012, 36 days after the Supreme Court of the United States issued **Miller v. Alabama**, 132 S. Ct. 2455 (2012),[1] Appellant filed a third PCRA petition, which is the subject of this appeal. Appellant asserted that **Miller** applied to his case on collateral review. Relying on **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013),[2] **cert. denied sub nom. Cunningham v. Pennsylvania**, 134 S. St. 2724 (2014), the PCRA court dismissed Appellant's third PCRA petition. On August 21, 2015, we affirmed the PCRA court's order. **Commonwealth v. Zoller**, 131 A.3d 101 (Pa. Super. 2015) (unpublished memorandum), **vacated**, __ A.3d __, 2016 WL 634102 (Pa. 2016). Appellant filed a petition for allowance of appeal with our Supreme Court on September 17, 2015. While Appellant's petition was pending, on January 25, 2016, the United Stated Supreme Court issued its decision in **Montgomery**, holding that **Miller**'s prohibition against mandatory life sentences without the possibility of parole for juvenile offenders was a new

_____

[1] The Court in **Miller** held that "*[m]andatory life* without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 132 S. Ct. at 2460 (emphasis added).

[2] The Supreme Court held that **Miller** did not apply retroactively to cases on collateral appeal. **Cunningham**, 81 A.3d at 9-10 (noting that "nothing in [a]ppellant's arguments persuades us that **Miller**'s proscription of imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of **Miller**'s announcement").

substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. **Montgomery**, **supra** at 732. As a result, our Supreme Court vacated our prior order and remanded this case to us. In so doing, the Court ordered that, "[t]o the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii)." **Commonwealth v. Zoller**, 376 WAL 2015 (Pa. filed February 17, 2016). Therefore, consistent with our Supreme Court's direction in light of **Montgomery**, we reverse the PCRA court's order dismissing Appellant's third PCRA petition and remand the case to the PCRA court for further proceedings consistent with our Supreme Court's order and this Memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Jenkins joins this memorandum.

Judge Lazarus files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016

- 3 -